### STATE v. HAWKINS

#### (110 S. E. 251)

CRIMINAL LAW—DENIAL OF CONTINUANCE BECAUSE COUNSEL HAD NOT PREPARED, THINKING OTHER INDICTMENT WOULD BE TRIED FIRST, NOT AN ABUSE OF DISCRETION.—Though when counsel appointed by the Court for one charged with murdering M. and C. appeared in Court and were given two days in which to prepare for trial, the solicitor stated that he intended to take up the C. case first, and counsel prepared to defend that case, the denial of a continuance of the M. case, which was first called, because counsel were totally unprepared, was not an abuse of discretion, as it was their duty to prepare both cases, in view of the possibility of an unexpected termination of the trial in the first case.

Before DeVore, J., Greenville, September, 1920. Affirmed.

Cliff Hawkins indicted for the murder of William Morgan and upon conviction appeals.

*Messrs. Bowen & Bryson,* for appellant, *cite: Surprise entitling party to a new trial:* 2 McC. L. 313; 3 McC. L. 258; 16 C. J., 1126; 20 R. C. L. Par. 69; 28 Miss. 383; 37 Cent. Dig. 1046; 25 Texas 1; 78 Am. Dec. 516; Cal. Code Proc., Sec. 657; 78 Am. Dec. 516; 7 Robt. 111; 78 Am. Dec. 519 (note); 45 Ind. 424; 48 Barb. 198; 67 Barb. 318. *Duty of Solicitor to see that accused has a fair trial:* 143 Pac. Rep. 803; 104 S. C., 353, 89 S. E., 153; 114 Pac. 582; 20 Pac. 719; 34 Pac. 1078; 110 Pac. 318; 149 Pac. 250; 16 C. J. 806, 886; 65 S. W. 906; 16 C. J. 886; 33 Ann. Cas. 1147; 20 Ann. Cas. 627; 21 Ann. Cas. 333. *Postponement to allow time to prepare defense:* 1 S. C. L. 1. *Fair trial:* 91 S. C., 29. *Attorney appointed by Court should*

*be allowed time to prepare defense*: 27 S. E., 670; 69 S. E., 316; 70 S. E., 973; 79 S. E., 1128; 15 S. E., 678; 40 S. E.; 779; 58 S. E. 48; 16 C. J. 449. *Convenience of prosecuting witness not sufficient to warrant forcing defendant to trial*: 18 N. W. 561; 127 Pac. 746; 16 C. J. 449; Note 58. *Reasonable time to prepare for trial:* 23 Phil. 526; 16 C. J. 449 (note 59); 132 Pac. 1121; 35 Pac. 367; 100 S. E.; 753; 123 Pac. 642; 52 So. 971; 133 S. W. 540; 23 So. 503; 33 So. 589; 29 So. 180; 38 La. Ann. 23; 39 La. Ann. 241; 7 So. 133; 37 La. Ann. 781; 34 La. Ann. 100; 182 S. W. 176; 8 R. C. L. 67.

*Mr. J. M. Daniel,* Asst. Attorney General, *and David W. Smoak,* Solicitor, for respondent.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant was tried at Greenville, S. C., September 3, 1920, before Judge DeVore and a jury, on an indictment charging him with the murder of William Morgan. The appellant was found guilty, and after motion for a new trial was made and refused he was sentenced by his Honor to be electrocuted on October 1, 1920. He appeals on the following exceptions:

"(1) That his Honor, the presiding Judge, erred in not granting defendant's motion for an extension of time in which to prepare the defense in the case for the killing of William Morgan, since he had been misled by the statement of the solicitor, had prepared his defense for the killing of Josie Craig in reliance upon said statement of the solicitor, and was unprepared in the case of the killing of William Morgan, which unpreparedness was not due to any fault or lack of diligence on the part of defendant or his counsel, and in ordering the case for the killing of William Morgan to proceed after he had been apprised of defendant's unpreparedness and his reasons therefor.

"(2)   That his Honor, the presiding Judge, erred in not granting defendant's motion for a new trial on the ground that he and his counsel had been taken by surprise, in that the solicitor had stated to counsel in open court, two days before the trial, that he would take up the case of State v. Cliff Hawkins for the killing of Josie Craig and, relying upon said statement, the defense had been prepared, in the short time allotted defendant's counsel, in the case for the killing of Josie Craig; that, relying upon the statement of the solicitor, no preparation whatever had been made in the case for the killing of William Morgan, and therefore his Honor was in error in not granting defendant a new trial."

It seems that there were two indictments against the defendant.   One charged him with the murder of Josie Craig on July 5, 1920, and the other with the murder of Morgan on July 9, 1920.   The defendant was arraigned on both indictments, the same day, and entered a plea of not guilty.

He had no counsel, and the Court appointed Messrs. Bowen and Bryson.   Neither were in Court when they were assigned to defend the accused; both being engaged in a campaign, running for office, which campaign did not terminate until August 31st.   On September 1st they appeared in Court and the solicitor announced he was ready to proceed in the case of State v. Cliff Hawkins.   Mr. Bowen announced that he was not ready and the court allowed them two days to prepare.   Defendant's counsel then asked the solicitor which of the cases he proposed to try first, and the solicitor said he intended to take up the cases in the order in which the homicides occurred, the Craig case first. Bowen withdrew from the Court to get ready and prepare for trial, and after conference with his client decided on the plea of self defense, and prepared accordingly.   On the day set for the trial, September 3d, he appeared with defendant ready to try the Craig case.   The defendant had

already been arraigned, the jury were impaneled and sworn, and were being charged by the clerk, when defendant's counsel first discovered that the defendant was being tried for the killing of Morgan; thereupon Mr. Bowen arose, interrupted the clerk, and called attention to the fact that he had the wrong indictment; that, relying on the statement of the solicitor, he had prepared in the Craig case. and that he was wholly unprepared in the Morgan case, and that the defenses in the cases were different. The solicitor did not deny this, but gave his reason for his change of mind, and insisted on going on, notwithstanding the protest of Bowen that he was totally unprepared in the Morgan case and that he was taken by surprise, and asked for a continuance to get ready. The Court overruled the motion and ordered the trial on.

We cannot say that his Honor abused his discretion. Defendant's counsel must have known that, if the solicitor did try the Craig case first, he intended immediately to take up the Morgan case, and in the two days granted by the Court for preparation it was the duty of counsel to prepare as best they could in both cases.

The trial of any case, as to the time it will take, is a matter of conjecture; sometimes the unexpected happens; a material witness may fail to appear, one of the jurors may get sick, the indictment may be quashed and for other reasons the trial may unexpectedly terminate; so when the solicitor told counsel he would first try the Craig case, counsel must have known that the Morgan case would come next, and it was their duty to be ready in both. We cannot say that his Honor erred to such an extent that the verdict should be set aside and a new trial granted.

We see no erroneous exercise of discretion on his part, and the exceptions are overruled.

Judgment affirmed, and case remanded to the Circuit Court for the purpose of having another day assigned for carrying into execution the sentence imposed on the defendant.